IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JACKIE OSBORNE**                                                                              **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 2:24-cv-101-TMB-RPM**

**ROCKET MORTGAGE, LLC** *and*                                          **DEFENDANTS**
**AMROCK, LLC**

## MEMORANDUM OPINION DENYING
## MOTION FOR RELIEF FROM JUDGMENT

Jackie Osborne filed this action *pro se* against Rocket Mortgage, LLC and AMROCK, LLC. These claims arose out of a purchase of property from Allan Pearson—which occurred a year prior to Osborne's refinance with the Defendants—and a subsequent state court suit seeking reformation of the original Warranty Deed to correct an alleged mistake in the acreage transferred. Because the Defendants' only involvement with Osborne related to her 2022 refinancing of her loan and really had nothing to do with her prior purchase of the property, the Court granted the Defendants' Motion to Dismiss [10] and this action was dismissed with prejudice. Osborne now brings a Motion for Relief from Judgment [23] asking the Court to reopen this action, vacate the Final Judgment [22], and grant her leave to amend her complaint. Because she does not meet her burden under Rule 60(b) of the Federal Rules of Civil Procedure, Osborne's Motion for Relief from Judgment [23] is denied.

### I. BACKGROUND

In April of 2021, Osborne purchased a Warranty Deed for 8.79 acres of property from Allan Pearson. The funds for this transaction were obtained via a loan from Cross-Country Mortgage, LLC and Osborne purchased title insurance from Chicago Title Insurance. After that, Osborne

executed and recorded a Deed of Trust. One year later, in April of 2022, Osborne refinanced her loan through Rocket Mortgage, LLC and purchased title insurance from AMROCK, LLC. A second Deed of Trust was then executed and recorded.

Nearly two years after Osborne purchased the property, Pearson filed a "Corrected Warranty Deed" on March 7, 2023, stating that the original Warranty Deed mistakenly conveyed 8.79 acres to Osborne rather than the 6.25 acres he supposedly intended to transfer. Three days later, Pearson brought suit against Osborne and Rocket Mortgage, LLC in the Chancery Court of Lamar County for reformation of the original Warranty Deed and second Deed of Trust to correct the legal description of the property to reflect the 6.25 acres. Although Chicago Title Insurance provided Osborne with counsel for the state court action, she fired the retained counsel and elected to proceed *pro se*. Osborne obtained a favorable decision after the Chancery Court of Lamar County granted her *pro se* motion to dismiss the state court action. Pearson immediately filed a motion for reconsideration in state court—which was pending when Osborne filed this action on July 11, 2024, asserting claims for negligence, cloud on title, breach of contract, intentional infliction of emotional distress, defamation and harassment, and conspiracy to commit fraud against Rocket Mortgage, LLC and AMROCK, LLC. The Defendants then filed a Motion to Dismiss [10] in this case, which was granted due to Osborne's failure to assert sufficient facts to support the elements of her claims. Osborne now seeks relief from the entry of Final Judgment [22] under Rule 60(b)(1), (2), and (6).[1]

---

[1] After Osborne filed her Motion for Relief from Judgment [23], the Defendants filed a Motion [29] asking this Court to take judicial notice of the Chancery Court of Lamar County's final judgment and opinion. The Defendants argue it is "relevant to Plaintiff's Rule 60(b) Motion and further supports [the Defendants'] Opposition by demonstrating that the state court has adjudicated core factual issues that Plaintiff seeks to reframe here, and by underscoring that [the Defendants'] limited role does not give rise to any basis for Rule 60(b) relief." [30]; [31]. Ultimately, after granting Pearson's motion for reconsideration, the Chancery Court set the matter for trial and found that a mutual mistake occurred, and that the proper acreage conveyed to Osborne was 6.29, with title to the remaining 2.44 acres confirmed in Pearson. But because Osborne's Motion for Relief from Judgment [23] is denied, the Defendants' Motion for Judicial Notice [29] is moot.

## II. DISCUSSION & ANALYSIS

Motions for reconsideration "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Adger v. TA Operating, L.L.C*, No. 24-30530, 2025 WL 1276406, at *6 (5th Cir. May 2, 2025) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)). The burden of establishing at least one of the Rule 60(b) requirements is on Osborne as the movant. *Bahsoon v. Wells Fargo Bank, NA*, No. 3:12-cv-2017-D, 2013 WL 1831786, *1 (N.D. Tex. May 1, 2013). The district court enjoys "considerable discretion when determining whether the mover has satisfied any of the standards set forth under Rule 60(b)." *Kincaid v. Minact-Yates, LLC*, No. CIV. A 305-cv-550-HTW-LRA, 2010 WL 383358 (S.D. Miss. Jan. 27, 2010) (citing *Lavespere v. Niagra Mach. & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). And after thorough consideration of the Motion submitted and relevant case law, the Court concludes that Osborne has not satisfied the requirements for obtaining relief under Rule 60(b). *See e.g.*, *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.").

### A. Rule 60(b)(1)

Osborne requests relief under Rule 60(b)(1) arguing that she failed to receive notice of the Court's ruling because "the Lamar County Post Office had withheld her mail due to a box fee dispute, even though a valid credit card was on file and she was never notified of any issue." [23], p. 2. According to Osborne, she "made multiple in-person inquiries at the post office regarding lack of mail and mail expected but hadn't received but was repeatedly told there was no issue." *Id.* Osborne argues it is because of the Post Office's actions that caused her to miss "multiple critical notices, including the Court's ruling." *Id.*

"While Rule 60(b)(1) allows relief for 'mistake, inadvertence . . . or excusable neglect,' these terms are not wholly open-ended." *Pryor v. United States Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (quoting 11 Wright & Miller, Federal Practice and Procedure § 2858 at 170 (footnotes omitted)). The Fifth Circuit "has pointedly announced that a party has a duty of diligence to inquire about the status of a case, and that Rule 60(b) relief will be afforded only in 'unique circumstances.'" *Id.* (quoting *Wilson v. Atwood Group*, 725 F.2d 255, 257, 258 (5th Cir. 1984)). Accordingly, the Fifth Circuit has "specifically rejected the method of extending the time for appeal by vacating and re-entering judgments in order to accommodate a party that has not received actual notice of the entry of judgment." *Id.* (citation omitted).[2] In other words, "in this circuit, the rule may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record." *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987).

Despite her "duty to keep apprised of the progress of [the] case," Osborne "failed to inquire as to the status of the subject motion." *Cartman v. Hunt County*, No. 3:15-cv-481-SAL, 2015 WL 3794448, at *2 (N.D. Tex. Jun. 18, 2015); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993). To be sure, rather than inquiring at the post office about any mail received, she could have contacted the Court to determine the status of her case or even completed a form to receive notifications of case filings via email. She did not. And "the failure to do so is not a sufficient basis to justify relief under Rule 60(b)(1)." *Cartman*, 2015 WL 3794448, at *2. Since Osborne fails to identify any instance of "mistake, inadvertence, surprise, or excusable neglect"

---

[2] Although Osborne argues that a lack of notice of the Defendants' motions to dismiss prevented her from filing a response, thus amounting to "excusable neglect," it is clear on the record that Osborne had notice of these motions as she filed responses before this Court rendered its decision. *See* [14], [17], [18]. Thus, these assertions have no bearing on the outcome of the Rule 60(b)(1) Motion.

4

that resulted in the Judgment rendered by this Court—rather than alleged conduct that occurred *after* the Final Judgment [22]—this claim fails. *Padgett v. United States*, 272 F.2d 774 (5th Cir. 1959) (finding Rule 60(b)(2) was not applicable without showing "mistake, inadvertence, surprise, or excusable neglect *producing or contributing toward* the entry of the court's order") (emphasis added).

**B. Rule 60(b)(2)**

Relief from a final judgment under Rule 60(b)(2) is proper when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2). Osborne claims that she has obtained new evidence clarifying the roles of Rocket Mortgage, LLC and AMROCK, LLC in the reformation of the deed, specifically pointing to actions taken during the 2022 refinance.

This Court previously determined that the transactions related to the 2022 refinance imposed no duty on Rocket Mortgage, LLC to defend her in the state court action given that the "Corrected Warranty Deed" was not issued until 2023—making the harm unforeseeable at the time of their transaction. Similarly, the 2023 "Corrected Warranty Deed" and state court action had no bearing on AMROCK, LLC's duty to conduct a thorough and accurate title search because these title issues did not exist at the time of refinancing. Therefore, any additional evidence brought regarding the Defendants' actions during the 2022 refinance is not relevant to the claims brought. Due to the fact that Osborne failed to show "that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment," this claim fails. *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003).

Regardless, clarification on the roles of the Defendants in the 2022 refinancing do not appear to be "newly discovered evidence." Osborne fails to identify how any of the Defendants' involvement in these transactions would have been unknown to her during the time to move for a new trial provided by Rule 59(b) or to identify her diligence in obtaining the information. Osborne's conclusory assertions that "this evidence was not available despite reasonable diligence" are not sufficient to meet the requirements set by Rule 60(b)(2). [23], pg. 2.

## C. Rule 60(b)(6)

Rule 60(b)(6) allows for relief from a final judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). The Fifth Circuit has described Rule 60(b)(6) as "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses, [but] we have also narrowly circumscribed its availability, holding that Rule 60(b)(6) relief will be granted only if extraordinary circumstances are present." *Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995). Additionally, "relief under 60(b)(6) is mutually exclusive from relief available under sections (1)-(5)." *Hesling v. CSX Transp. Inc.*, 396 F.3d 632, 642 (5th Cir. 2005) (citation omitted). So "[t]he reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)." *Id.* (citation omitted).

Osborne evokes this rule, arguing that the lack of notice of the Final Judgment [22] denied her the right to file a timely motion to reconsider or otherwise appeal this Court's decision to the Fifth Circuit. [23], p. 2. But without more, Osborne cannot obtain relief under 60(b)(6) where she seeks relief based on allegations of failing to receive actual notice of the Court's Final Judgment—which was the basis for her relief under Rule 60(b)(1). *See Hesling v. CSX Transp. Inc.*, 396 F.3d at 643.

6

But even if Osborne could distinguish the grounds sought for relief under Rule 60(b)(6) from that sought under Rule 60(b)(1), she is still not entitled to relief; Osborne does not bring forth facts or legal arguments demonstrating this Court's Final Judgment [22] was incorrect that would be necessary for a motion for reconsideration to succeed. Osborne's inability to establish the basis for a motion for reconsideration in either her responses to the Motion to Dismiss [14], [17], [18] or Motion for Relief from Final Judgment [23] fails to satisfy the condition that the movant demonstrate they possess a meritorious cause of action. *Pease v. Pakhoed Corp.*, 980 F.2d 995, 998 (5th Cir. 1993).

### III. CONCLUSION

IT IS ORDERED that the Plaintiff Jackie Osborne's Motion for Relief From Final Judgment [23] is DENIED.

IT IS FURTHER ORDERED THAT the Defendants' Rocket Mortgage, LLC and AMROCK, LLC's Motion for Judicial Notice [29] is MOOT.

This the 10th day of December, 2025.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE