IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JACKIE OSBORNE**                                                                                                **PLAINTIFF**

**v.**                                                                             **CIVIL ACTION NO. 2:24-cv-101-TBM-RPM**

**ROCKET MORTGAGE, LLC** *and*
**AMROCK, LLC**                                                                           **DEFENDANTS**

## ORDER

Jackie Osborne's claims for negligence, cloud on title, breach of contract, intentional infliction of emotional distress, defamation and harassment, and conspiracy to commit fraud against Rocket Mortgage, LLC and AMROCK, LLC were dismissed with prejudice on March 31, 2025. [22]. Osborne timely filed a Motion for Relief from Judgment [23], which this Court denied. Osborne appealed to the Fifth Circuit and has now filed an Emergency Motion for Writ of Supersedeas and Stay of Judgment Pending Appeal [36] under Rule 62 of the Federal Rules of Civil Procedure, Rule 8(a) of the Federal Rules of Appellate Procedure, and 28 U.S.C. § 1651(a). Because the balance of equities do not weigh heavily in favor of a stay pending appeal, Osborne's Motion [36] is denied.

## I. DISCUSSION AND ANALYSIS[1]

"Unless a court issues a stay, a trial court's judgment (say, dismissing a case) normally takes effect despite a pending appeal." *Coleman v. Tollefson*, 575 U.S. 532, 539, 135 S. Ct. 1759, 191 L. Ed. 3d 803 (2015) (citing FED. R. CIV. P. 62; FED. R. APP. P. 8(a)); 16A Charles Alan Wright,

---

[1] This Court has previously discussed the facts at issue in this case in prior Orders [21] and [34] and they are incorporated herein by reference. *Osborne v. Rocket Mortgage, LLC*, No. 2:24-cv-101-TBM, 2025 WL 1646778 (S.D. Miss. Mar. 31, 2025); *Osborne v. Rocket Mortgage, LLC*, No. 2:24-cv-101-TBM, 2025 WL 3543643 (S.D. Miss. Dec. 10, 2023).

Arthur R. Miller, Edward H. Cooper, & Catherine T. Struve, Federal Practice and Procedure § 3954, at 675 (5th ed.) ("The taking of an appeal does not by itself suspend the operation or execution of a district-court judgment or order during the pendency of the appeal.").

Osborne seeks to stay the "enforcement of the judgment" under Rule 62(b) of the Federal Rules of Civil Procedure. [36], p. 2. Rule 62(b) permits a party seeking to stay the execution of a money judgment pending appeal to post a bond or other security to secure the payment of the judgment to the judgment creditor. *See Herbert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992); *Arnold v. Garlock, Inc.*, 278 F.3d 426, 437 (5th Cir. 2001) ("The stay provisions of Rule 62 pertain to judgments for money."). "A 'money judgment' . . . in a civil action is one that orders the payment of a sum of money as distinguished from an order directing an act to be done or property to be restored or transferred." 47 C.J.S. Interest & Usury § 65; *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 216, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2002) ("[t]he 'substance' of a money judgment is a compelled transfer of money."). There is no money judgment here, as this Court's Order [21] and Final Judgment [22] denied Osborne's claims against Rocket Mortgage, LLC and AMROCK, LLC, and dismissed this action with prejudice.

Although there has been no money judgment, "[n]onmonetary judgments may be stayed in the court's discretion pursuant to Rule 62(c)." *Halliburton Energy Servs., Inc. v. NL Indus.*, No. Civ. A. H05–4160, 2008 WL 2787247, at *4 (S.D. Tex. Jul. 16, 2008)). Rule 62(c), "codifies the inherent power of courts to make whatever order is deemed necessary to preserve the status quo and to ensure the effectiveness of the eventual judgment." C. Wright & A. Miller, 11 Federal Practice and Procedure, § 2904 at 315 (1973). In deciding whether a stay is appropriate under Rule 62(c), "courts have applied the four-factor standard typically applied to a request to stay an

injunction pending appeal or for a discretionary stay generally." *Sundown Energy, L.P. v. Haller*, No. Civ. A. 10-4354, 2015 WL 3796351, *3 (E.D. La. Jun. 18, 2015) (citing *United States v. Goltz*, No. Civ. A. SA–06–CA–503-X, 2007 WL 295558, at *3 & n. 2 (W.D. Tex. Jan. 25, 2007) (applying discretionary stay analysis to IRS foreclosure sale because the court issued an injunction (order of foreclosure and sale) to satisfy a money judgment (delinquent tax liabilities)). These factors include: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023) (citing *Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009) ("The first two factors . . . are the most critical.")). Osborne cannot meet this standard for discretionary stays of nonmonetary judgments as she has not shown a "substantial case on the merits . . . that the balance of the equities *weighs heavily* in favor of granting the stay." *Plaquemines Parish*, 84 F.4th at 373 (alteration in original) (citation omitted).

To begin, Osborne has not made a "strong showing" of a "probability" of success on the merits. Instead, she reasserts arguments already addressed by this Court, including "dismissing [this case] without notice," denying her "leave to amend contrary to Fed. R. Civ. P. 15(a),"[2] and "failing to consider constitutional claims on the merits." [36], p. 2. To be sure, this Court dismissed her Complaint and denied her Motion for Reconsideration because the Defendants were not involved in Osborne's purchase of property from Allan Pearson in 2021. The Chancery Court

---

[2] The Court also denied Osborne's request to amend her Complaint because it was "unclear to this Court how additional facts would save her claims from dismissal, [and] amendment would be futile." [21], p. 3 (quoting *Burke v. Ocwen Loan Servicing, L.L.C.*, 855 F. App'x 180, 187 (5th Cir. 2021)).

of Lamar County also held a trial on the underlying acreage issue finding that a mutual mistake occurred, and that the proper acreage conveyed to Osborne was 6.29, with title to the remaining 2.44 acres confirmed in Pearson. And while Osborne claims that this Court and rejected her "Rule 60 relief despite new evidence," she presents no argument or authority in support. Without more, Osborne cannot meet her burden to show a substantial likelihood of success on the merits.

Second, Osborne asserts that she would suffer "irreparable harm" as a result from the "loss of real property." Osborne is correct that the loss of real property is generally considered irreparable harm. Restatement (Third) of Torts: Remedies § 56 TD No 4 (2025). But, as previously stated, it appears that "the allegations about her cloud on title claim focus solely on the conduct of Allan Pearson, who is not a party to this action." [36], p. 9. And since Osborne sued "Rocket Mortgage, LLC and AMROCK, LLC for monetary damages—not for these Defendants to remove the cloud on her title," there is no substantial threat of harm to her real property at issue in this action. *Id*. Osborne cannot satisfy her burden at the second step. *Nken*, 556 U.S. at 434-35 ("simply showing some possibility of irreparable injury fails to satisfy the second factor.").

Third, the balance of equities is neutral as neither party would be harmed by the issuance of the stay. Finally, the public interest factor is neutral because only the parties to this action would be affected by the stay. *See Belknap v. Bank of Am., N.A.*, G–12–198, 2012 WL 3150271, at *3 (S.D. Tex. Aug. 1, 2012)

Upon consideration of the factors, this Court concludes that Osborne is not entitled to a stay pending appeal. To be sure, "[a] stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and [t]he propriety of its issue is

dependent upon the circumstances of the particular case." *Plaquemines Parish*, 84 F.4th at 373 (5th Cir. 2023) (citing *Nken*, 556 U.S. 418) (internal quotations and citations omitted)).

## II. CONCLUSION

IT IS ORDERED that Jackie Osborne's Emergency Motion for Writ of Supersedeas and Stay of Judgment Pending Appeal [36] is DENIED.

This, the 11th day of February, 2026.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE